IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID M. RIILI, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 6:13-cv-3317-DGK |
| | ) | Crim. No. 6:12-cr-3007-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant David M. Riili's ("Movant" or "Riili") guilty plea for conspiracy to commit bank fraud, wire fraud, and aggravated identity theft, all in violation of 18 U.S.C. §§ 1343, 1344, 1349, 1028A. Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Civ. Doc. 1).[1]

Finding that Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

### Procedural and Factual Background

On April 12, 2012, Riili pled guilty to three counts in the superseding indictment (Crim. Doc. 24): (1) conspiracy to commit bank fraud (Count 1), (2) wire fraud (Count 20), and (3) aggravated identity theft (Count 23) (Crim. Doc. 30). On July 30, 2012, the Honorable Richard Dorr ("Judge Dorr") sentenced Riili to a total of 57 months' imprisonment (Crim. Doc. 39). He also ordered Riili to pay a special assessment fee of $300 and restitution totaling $19,467.17. It

---

[1] Throughout the opinion, references to civil case documents will be "Civ. Doc.__," while references to criminal case documents will be "Crim. Doc.__."

is undisputed that within his plea agreement Riili agreed that $19,467.17[2] represented the total amount of loss incurred by the victims of his scheme (Crim. Doc. 31 at 2-3). Riili did not appeal.

On August 4, 2013, Riili filed the instant motion, and on September 20, 2013, the Government filed a motion to dismiss, contesting the motion's timeliness. The Court denied the Government's motion and ordered it to respond to Riili's substantive arguments. The Government complied, but Riili failed to reply despite being ordered to do so. Riili's motion is now ripe for review.

## DISCUSSION

### I. Movant's ineffective assistance of counsel claim lacks merit.

In his motion, Riili raises only one ground for relief: ineffective assistance of counsel. Riili contends that his trial counsel was ineffective for failing to request a separate hearing to challenge the restitution amount. The Court finds this claim lacks merit.

To the extent that Riili challenges the restitution amount via his ineffective assistance of counsel argument, such a claim is clearly foreclosed by circuit precedent. The Eighth Circuit recently held that a § 2255 petitioner may not use an ineffective assistance of counsel claim as a vehicle to challenge his restitution fine. *See Shephard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013) (denying a movant's attack on his assessed restitution even though it was couched in terms of ineffective assistance of counsel). Here, although couched in terms of ineffective assistance of counsel, Riili seems to argue that the restitution amount is incorrect. Such a claim is not a cognizable theory for habeas relief. *See id.*

---

[2] The Court reached this total by adding the loss amount from his conspiracy to commit bank fraud ($19,226.43) to the loss amount from his wire fraud and aggravated identity theft ($240.74), yielding a total loss amount of $19,467.17.

Even assuming that Riili challenges his counsel's effectiveness vis-à-vis his decision to enter the plea agreement, such a claim also lacks merit. To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997). Where, as here, a defendant pleads guilty, he may only establish prejudice by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

Here, even assuming, *arguendo*, that his counsel was deficient for failing to request a restitution hearing, Riili has not demonstrated that this deficiency resulted in him pleading guilty when he otherwise would not have done so. And Riili fails to highlight any other alleged errors by counsel which resulted in the same. Thus, Riili's motion is DENIED.

## II. No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the

3

petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

As discussed above, Riili's claims are either contradicted by the record, or if accepted as true, they would not entitle him to relief. Thus, no evidentiary hearing will be held.

**III.     No certificate of appealability shall be issued.**

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts typically address this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

**Conclusion**

For the reasons discussed above, the motion (Civ. Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  July 25, 2014                             /s/ Greg Kays
                                                 GREG KAYS, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT

4